Filed 11/9/21  P. v. Moss CA1/5
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEXANDER LAVERT MOSS,<br><br>    Defendant and Appellant. | A162295<br><br>(Contra Costa County<br>Super. Ct. No. 059501842) |

Appellant Alexander Lavert Moss (appellant) appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.95.[1] Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  We affirm.

## BACKGROUND

A 1995 information charged appellant with murder (§ 187), with an enhancement for personal use of a firearm (§ 12022.5, subd. (a)), and with possession of a firearm by a felon (§ 12021, subd. (a)(1)).  The information also alleged three prior strike convictions and convictions for prior serious felonies.

---

[1] All undesignated statutory references are to the Penal Code.

1

The charges were based on a May 1994 nighttime shooting. The victim was found facedown on the street with four bullet wounds, one in front and three in back. A witness told police he heard three shots and then saw appellant fire a fourth shot into the victim's prone body. He testified to the same at the preliminary hearing but repudiated his statement at trial. The prosecution played a recording of the witness's police statement.

In March 1996, a jury found appellant guilty of second degree murder and possession of a firearm by a felon, and found true the personal use enhancement. The trial court imposed a sentence of 54 years to life. This court affirmed the judgment in January 1998.

In December 2019, appellant filed a section 1170.95 resentencing petition. The trial court appointed counsel. On February 9, 2021, the court denied appellant's petition, concluding he had failed to state a prima facie case of eligibility for resentencing.

## DISCUSSION

As appellant's counsel acknowledges, it is not clear appellate courts are required to independently review the record in appeals from denials of section 1170.95 petitions. The California Constitution does not "compel[] the adoption or extension of *Wende* procedures (or any subset of them) for appeals other than a criminal defendant's first appeal of right because, beyond that appeal, there is no right to the effective assistance of counsel." (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1034.) On the other hand, an appellate court has the discretion to implement "its own procedures in the interests of justice" (*People v. Flores* (2020) 54 Cal.App.5th 266, 273), and the *Flores* court concluded that "an appellate court can and should independently review the record on appeal when an indigent defendant's appointed counsel has filed a

2

*Wende* brief in a postjudgment appeal from a summary denial of a section 1170.95 petition" (*id.* at p. 274).[2]

In any event, were we to exercise our discretion to independently review the record we would conclude there are no legal issues that require further briefing. The underlying facts do not show appellant was convicted of felony murder or murder under a natural and probable consequences theory, as required for relief under section 1170.95, subdivision (a).

Appellate counsel advised appellant of his right to file a supplemental brief to bring to this court's attention any issue he believes deserves review. (See *People v. Kelly* (2006) 40 Cal.4th 106.) On September 26, 2021, appellant filed a supplemental brief arguing not that the trial court erred in denying him relief under section 1170.95, but that one of his prior strike convictions should have been stricken under the reasoning of *People v. Vargas* (2014) 59 Cal.4th 635, filed years after the judgment in appellant's case was final. We do not consider that argument because the issue is not properly before us on appellant's appeal from the order denying his section 1170.95 petition. (*In re J.F.* (2019) 39 Cal.App.5th 70, 75 [jurisdiction on appeal limited to judgment or order appealed from].)

DISPOSITION

The trial court's judgment is affirmed.

---

[2] The California Supreme Court has granted review in a case to decide "What procedures must appointed counsel and the Courts of Appeal follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit?" (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021 (S266305).)

                                        _____
                                        SIMONS, J.

We concur.


_____
JACKSON, P. J.


_____
NEEDHAM, J.


(A162295)

4